IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM OWENS,

        Plaintiff,

vs.                                                                                    Civ. No. 04-697 RHS

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

1.  This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision ("Motion"), filed November 30, 2004 **[Doc. 9]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") on Plaintiff's application for social security disability and insurance benefits.  Plaintiff alleges that he became disabled on April 21, 1998[1], due to Post Traumatic Stress Disorder ("PTSD"), pain in his left knee, right leg and lower back, varicose veins, high blood pressure and heart attack. (Transcript ("Tr.") at 113.)

2.  Plaintiff filed an application for disability benefits on February 3, 1999. (Tr. at 89.) Following two administrative hearings, the Commissioner's Administrative Law Judge ("ALJ") issued a partially favorable decision on April 15, 2003.[2]  (Tr. at 14.)  On April 20, 2004, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. at 6.)  Plaintiff now seeks review of that final decision

---

[1]Although Claimant alleges that disability commenced on April 21, 1998, he also stated that he "bec[a]me unable to work because of [his] . . . conditions" on May 1, 1998.  (Tr. at 113.)

[2]The ALJ found Plaintiff disabled as of, but not prior to, August 13, 1999.  (Tr. at 24.)

pursuant to 42 U.S.C. §405(g).

3.   Plaintiff's date of birth is March 14, 1950. (Tr. at 89.)  Plaintiff has a GED and has worked in the past as a truck driver and operations manager in the oil recycling industry. (Tr. at 114, 119.)  The ALJ determined that "prior to August 13, 1999, . . . [Plaintiff] retained the capacity to perform light and sedentary work."  (Tr. at 15.)  However, the ALJ concluded that since August 13, 1999, Plaintiff "has been under a disability."  (Tr. at 24.)

4.   The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

5.   Plaintiff raises the following allegations of error with respect to the ALJ's decision:  (1) the ALJ improperly concluded that Plaintiff's PTSD was not a severe mental impairment prior to August 13, 1999; (2) the ALJ's determination that Plaintiff was not disabled before August 13, 1999 is not supported by substantial evidence and does not comply with SSR 83-20; and (3) the ALJ erred when he failed to call a vocational expert after applying the Medical-Vocational Rules ("Grids") as a framework.

6.   "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing

disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

7.  At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past.  At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than  past relevant work.  Thompson, 987 F.2d at 1487 (citations omitted).  The ALJ determined that Plaintiff was not disabled prior to August 13, 1999 because his nonexertional limitations did not "substantially reduce the number of sedentary and light jobs [he] could still perform."  (Tr. at 23.)  The ALJ further found that Plaintiff has been disabled since August 13, 1999 because, "in addition to his prior limitations, [Plaintiff's] mental impairment precluded any sustained work activity on a regular and continuing basis."  (Id.)

### First Alleged Error - severity of Plaintiff's mental impairment

8.  Plaintiff alleges that the ALJ erred when he concluded at step two of the sequential evaluation that Plaintiff did not suffer from a severe mental impairment prior to August 13, 1999. Defendant contends that Plaintiff failed to meet his burden of providing sufficient medical evidence of a severe mental impairment prior to August 13, 1999.

9.  At step two, a claimant must show that he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities.  20 C.F.R. §

404.1520(c).  Examples of basic work activities include: (1) understanding, carrying out, and remembering simple instructions, (2) use of judgment, (3) responding appropriately to supervision, and (4) dealing with changes in a routine work setting.  20 C.F.R. § 404.1521(b). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits [at step two]." Funderburg v. Bowen, 666 F.Supp. 1291, 1297 (quoting Bowen v. Yuckert, 482 U.S. 137, 157 (1987)); see also SSR 85-28.  In other words, "only the most trivial impairment" is not considered severe.  Taylor v. Bowen, 738 F.Supp. 436, 440 (D. Kan. 1987).  If the evidence is unclear as to whether the impairment is severe or not, the sequential evaluation process is continued. SSR 85-28.  At this step, the Commissioner relies only on the medical evidence to determine whether an impairment is severe.  Id.

10.  Plaintiff contends that the ALJ failed to adequately address evidence indicating that he suffered from a severe mental impairment prior to August 13, 1999.  Plaintiff points to a variety of evidence, including a documented history of sleep disturbances, nightmares, intrusive thoughts, hypervigilance, nervousness and depression, the prescription of several medications used to treat depression and/or anxiety, a letter and report by Thomas Vosburg, M.D. and a Veteran's Administration ("VA") disability rating of 30% due to Plaintiff's PTSD.  The ALJ considered and discounted all of this evidence in concluding that, prior to August 13, 1999, Plaintiff's mental impairment was not "severe" at step two of the sequential evaluation.

11.  Among the evidence considered by the ALJ was a report by Steven Sacks, M.D. regarding an examination of Plaintiff on May 7, 1999 conducted at the request of the Commissioner.  (Tr. at 219.)  Dr. Sacks diagnosed Plaintiff as "experiencing a major depression, probable single episode" with a possible concurrent "element of post traumatic stress disorder."

(Tr. at 224.)  Dr. Sacks noted that Plaintiff "*would have difficulty, at the present time,*

*withstanding the stress and pressures associated with day-to-day work activity* because of his

untreated clinical depression."[3]  (Id. (emphasis added).)  Finally, Dr. Sacks assessed Plaintiff's

"psychiatric impairment . . . [as] moderate to marked" and speculated that his "depression may

have exacerbated a chronic, but low level, PTSD syndrome."  (Tr. at 224-25.)

        12.  Although the ALJ "t[ook] into account the history [that Plaintiff] gave Dr. Sacks and

the results of his mental status examination[,]" he apparently disregarded "Dr. Sacks' diagnoses

and conclusions [as] not entirely consistent with the findings and conclusions noted by [Plaintiff's]

treating psychiatrist and therapist."  (Tr. at 19.)  The ALJ may resolve conflicts in the evidence.

See Casias v. Secretary of HHS, 933 F.2d 799, 801 (10th Cir.1991) (citing Richardson v. Perales,

402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).  However, the ALJ must also discuss

any uncontroverted evidence he chooses not to rely on or significantly probative evidence[4] he

rejects.  See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.1996) (citations omitted); see

also Gathright v. Shalala, 872 F.Supp. 893, 898-99 (D.N.M. 1993) (finding that the ALJ erred in

failing to address physician's observations).

        13.  Here, the ALJ did not address Dr. Sacks' opinion regarding Plaintiff's ability to

withstand work stress, or discuss how this opinion was inconsistent with the conclusions of

Plaintiff's treating psychiatrist and therapist.  Nor did the ALJ explain how any such inconsistency

---

        [3]Dr. Sacks' opinion that Plaintiff would have difficulty withstanding daily work stress
logically implies that Plaintiff would experience difficulty dealing with changes in the work setting.

        [4]The ability to deal with changes in a routine work setting is a basic work activity.  Thus,
an examining psychiatrist's opinion indicating that Plaintiff would have difficulty in this area due
to a mental impairment is presumably significantly probative evidence in determining whether a
severe impairment exists at step two.

was resolved.  See Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing

Burlington Truck Lines, Inc. v. US, 371 U.S. 156, 168-69 (1962) (quotations and citations

omitted)) (noting that the ALJ's decision must be evaluated solely on the reasons and analysis

stated in the decision); see, also, Taylor v. Schweiker, 739 F.2d 1240, 1243 (7th Cir. 1984) (citing

Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir. 1984)) (explaining that "it is essential for

meaningful appellate review for the ALJ to articulate reasons for accepting or rejecting particular

sources of evidence").

     14.  Because the ALJ did not discuss this evidence, it is not clear whether or how the ALJ

considered this particular opinion from Dr. Sacks' report, or what weight he afforded it in

reaching his conclusion that Plaintiff's mental impairment was not severe at step two.  Thus, the

ALJ's decision in this matter fails to provide the Court a sufficient basis from which to determine

whether substantial evidence supports the ALJ's finding.  Accordingly, I find that this action

should be remanded for a re-assessment of the severity of Plaintiff's mental impairment at step

two prior to August 13, 1999.

     15.  Because of the potential impact that a re-evaluation of Plaintiff's mental impairment at

step two prior to August 13, 1999 may have on the Commissioner's findings regarding the onset

of Plaintiff's disability and/or the application of the Grids,  the Court need not address Plaintiff's

allegations of error with respect to these issues at this time.   On remand, the Commissioner

should conduct additional proceedings, as necessary, following the re-assessment of Plaintiff's

mental impairment prior to August 13, 1999.

     **WHEREFORE,**

     Plaintiff's Motion to Reverse or Remand Administrative Agency Decision **[Doc. 9]** is

granted.  This matter is remanded for further proceedings consistent with this opinion, to include:

(A)     a re-assessment of the severity of Plaintiff's mental impairment at step two prior to

August 13, 1999; and

(B)     additional proceedings, as necessary, following the re-assessment of Plaintiff's

mental impairment prior to August 13, 1999.


ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE